DALE *v.* DALE, GUARDIAN.

Opinion delivered April 15, 1918.

1. GUARDIAN AND WARD—SETTLEMENT OF ESTATE—EXECUTOR AND GUARDIAN.—An executor, as such, can not be required to settle his accounts as executor, in a proceeding against him as guardian of an heir to the estate of which he was executor.

2. GUARDIAN AND WARD—SETTLEMENT OF ESTATE.—The settlement of a guardian with his ward *held* final and valid.

Appeal from Woodruff Circuit Court, Northern District; *J. M. Jackson,* Judge; affirmed.

*Elmo CarlLee* and *John E. Miller,* for appellant.

1. Appellee should be charged with the $500 received from the Penn estate and $395.50 he received from the Hamblett estate. 124 Ark. 161.

2. It is agreed that by his last annual settlement appellee had in his hands as guardian $1,275.80 belonging to his ward. The probate court never made any orders authorizing the expenditure of any money for his

ward, nor is it shown to have been expended for maintenance or education. Kirby's Dig., § 3792; 126 Ark. 579; 63 *Id.* 450; 83 *Id.* 223.

3. The testimony of Judge Summers and the guardian as to a settlement filed in the probate court was not admissible. The record is the best evidence, and it shows no such settlement, nor that notice was given. No final settlement was made. The receipt for $1,352.36 purporting to be in full does not comply with our statutes. Kirby's Digest, § § 3821-2-3.

4. Appellee received $500 from the Penn estate; $395.50 from the Hamblett estate and had on hand $1,275.80. 21 Cyc. 81. The burden was on the guardian to establish any item challenged. 76 Ark. 217. The proper expenditure of these sums is not shown. The receipts do not show it. 6 Enc. Ev. 318, 317; 5 Del. Chy. 194.

*J. F. Summers, H. M. Woods* and *Chas. T. Coleman,* for appellee.

1. Both the probate court and circuit court found that the guardian paid the ward all he was entitled to receive. The receipts of the ward also show payment in full. Both courts treated this proceeding as a final settlement. The receipts show full satisfaction, even under sections 3821-2, Kirby's Digest.

2. The $500 was charged against and paid by the guardian as per receipts just before the ward reached his majority. It was paid to the ward himself, and the guardian was entitled to credit.

3. The evidence shows no liability for $395.50 from the Hamblett estate. There is no showing what the guardian realized from the sale of the notes and accounts. Receipts were shown for all money coming to the guardian's hands and in full satisfaction, and settlement in full is shown.

SMITH, J. On September 21, 1916, the appellant, H. P. Dale, filed his petition in the probate court, praying that citation issue requiring the appellee, J. H. Dale,

to file a final settlement as guardian of petitioner. It was conceded that no final settlement had been made and that the guardian had not been discharged, but it was alleged, in response to the prayer of appellant's petition, that all funds which had come to the guardian's hands had been accounted for and paid over to the petitioner; and the final settlement which was filed along with the response to the petition showed a full and final settlement of all funds with which the guardian should be charged. This settlement was approved by the probate court, and upon the trial of the appeal in the circuit court the court found the fact to be that the guardian had fully accounted for all money belonging to his ward.

(1) One of the items involved was for $395.40, and the facts in regard thereto are as follows: Appellee was the executor of the J. T. Hamblett estate, and appellant was entitled to a one-sixth interest in that estate as an heir. The executor filed a petition in the probate court, alleging that he had in his hands notes and accounts amounting to $2,372.97 which he had failed to collect after using due diligence to do so, and he prayed, and was granted, an order directing their sale. Appellant seeks here to charge his guardian with one-sixth of the face of the notes and accounts so ordered sold. The court properly refused to charge the guardian with this item for two reasons. The first is that the proof does not show what sum was received by the executor upon making this sale. He did not, of course, receive more than the face of the debts sold, and it is highly improbable that he received that amount. They may have brought only a trifling sum, and it would be highly improper and unjust to charge the executor with more than he received at the sale. A second and sufficient reason for not charging the guardian with this item is that the executor, as such, could not be required to settle his accounts as executor in a proceeding against him as guardian of an heir to the estate of which he was executor. If there was unnecessary delay on the part of

the executor in settling that estate, it would, of course, have been proper to take the necessary proceeding to settle that estate, but that settlement could not be made in a collateral settlement with the heir who owned only a one-sixth interest in the estate being administered by the executor.

(2) Other items are involved which aggregate $1,275.80, and this is the amount with which the guardian should have charged himself in 1907 had he made a settlement at that time. Appellee testified, however, that appellant reached his majority on June 15, 1908, at which time he paid appellant $820.36 and took a receipt therefor. The guardian charged himself with $76.54 as interest for one year on the $1,275.80, making a total of $1,352.34. The payment made on June 15, 1908, left a balance due of $532, and this sum was paid on August 1, 1908, and the following receipt was taken at that time:

"Augusta, Ark., 8-1-1908.

"Received from J. H. Dale, guardian, thirteen hundred fifty-two and thirty-six one-hundredths dollars, settlement in full.    $1,352.36.

(Signed)                            "H. P. Dale."

The validity of this receipt is the controlling question in the case. Appellant says the sum recited was not paid, and that the receipt was without consideration, and was fraudulently procured from him by his guardian under the pretext that its execution would enable appellant to defeat the collection of a sum of money due by him to an insurance company as premium on a policy of insurance, and that he executed the receipt for this purpose at the suggestion of his guardian, who was also his brother, and that at that time he had just attained his majority, and was still completely under the influence of his guardian. And it is said that the guardian's final settlement was not made in accordance with law, in that no notice of its filing was given, and that error was committed at the trial in admitting the receipt in evidence,

for the reason that it did not conform to sections 3821 and 3822 of Kirby's Digest.

It is also said that credit should not be given for various items making up the sum total named in said receipt for the reason that said sums were not paid out by the guardian under the order or direction of the probate court for the support and maintenance of appellant and that credit should not, therefore, be allowed.

It is conceded that the sum recited in the receipt set out above was the sum actually due at the time of its execution, and the court below specifically found the fact to be that that sum had been paid to appellant. There can be no question about these payments if appellee's testimony is to be credited, as he testified unequivocally to the time and place and circumstances of the different items for which he claims credit, and there was testimony to the effect that before the issuance of the citation but after the controversy between the brothers had arisen that appellant had acknowledged having received from his guardian the money for which he now prays judgment. There are a number of circumstances testified to tending to corroborate, on the one hand, and to contradict, on the other, the testimony of the parties to this litigation; but, without setting it out in detail, we announce our conclusion to be that it amply supports the finding of fact made by the court below.

No error was committed in admitting the receipt in evidence. Appellee did not claim then, and does not claim now, any benefit under sections 3821 and 3822 of Kirby's Digest, as those sections are not applicable to the facts of this case. Those sections apply to a guardian whose discharge as such is obtained by the exhibition to the court of the written statement of the ward acknowledging the receipt of money and other property due from the guardian to the ward, and appellee did not offer the receipt as an acquittance under those sections.

It is likewise unnecessary to consider whether any proper notice of the filing of this settlement was given or

not, as the parties treated this proceeding as a final accounting and settlement, and the point in controversy is whether or not the guardian is entitled. to the credits claimed by him. The petition for citation did not allege that any money was improperly paid to the ward, or that it was paid out without an order of the court, its 'sole allegation being that the guardian had failed to charge himself with funds which he had received as guardian. It will be borne in mind that this proceeding was instituted eight years after the ward had attained his majority, and so far as the record discloses he may have retained in his possession until after he reached his majority money paid to him while he was yet a minor; but, however that fact may be, it is disclosed by the record in the case that after appellant had attained his majority and was *sui juris* the sum of $532 was then paid him in full settlement of the guardian's account and received as such. This transaction was a ratification of any payments made during appellant's infancy, and as the proof does not show that the execution of the receipt was obtained by fraud, we must hold that it is what it purports to be—a receipt in full for all sums due appellant from his guardian, and the judgment of the court below is, therefore, affirmed.